CITY COUNCIL OF CAMDEN *v.* MERCHANTS & PLANTERS BANK.

4-4092

Opinion delivered January 20, 1936.

.Lawrence E. Wilson and C. M. Martin, for appellants.

Thomas Gaughan, for appellees.

McHANEY, J. Camden Sidewalk District No. 1, of the city of Camden, was created by the city council on November 27, 1923, on a petition of ten property owners. Thereafter, within three months, the second petition signed by a majority in value of the property owners of the district was presented to the council, and on February 15, 1924, commissioners were appointed for the district, who entered upon their duties, prepared and filed plans and specifications for the improvement and submitted same to the council. On April 8, 1924, assessors were appointed who entered upon their duties, made an assessment of the benefits on the real property in the district and filed same with the city council. The first assessment was for $22,697.80, but, on complaint of certain property owners, the commissioners, pursuant to Crawford & Moses' Digest, § 5664, directed the assessors to reduce the assessments on said property, which was done in the sum of $1,045. No increase of assessment was made on the other property. In 1929, after the improvement had been constructed, the assessments collected and the outstanding bonded indebtedness paid, it was found that the district was still in debt in the sum of approximately $1,600, with no assets with which to pay same except $554 in delinquent assessments on vacant lots which the district had been unable to collect. On November 30, 1932, the assessors of the district raised the assessments on property in the district in a sum equal to the amount they had previously reduced it and for an additional sum to make a total sufficient to take up the district's indebtedness. This reassessment of 1932 was filed in the office of the city clerk, who caused a notice thereof to be published for the time, in the manner and language provided by said § 5664. This notice was published on December 3, 1932. Although the statute provides that: "Appeals from such reassessment shall be heard by the city or town council in the manner and at the

time set forth in §§ 5661 and 5662," no one appealed from said reassessment within the time provided by law. The commissioners petitioned the city council to levy the benefits in accordance with the reassessment list previously filed pursuant to § 5665, Crawford & Moses' Digest, and the council passed such ordinance. Thereafter, objection was made by certain property owners to the reassessment ordinance, and a committee was appointed by the council to investigate the financial affairs of the district to determine whether it owed the amount claimed. This committee employed an accountant, and, on a report made by him, the committee determined that the district was not in debt in the amount claimed, so reported to the council, and it repealed the ordinance making the reassessment. Just when the ordinance was repealed is not definitely shown in the abstract filed, but it must have been some considerable time after it was originally passed. Thereafter, this action was instituted by appellees against the appellants for a writ of mandamus to compel the city council to reassess the property in the district in accordance with the prayer of the petition. Trial before the court resulted in a judgment in favor of appellee bank in the sum of $1,547 with interest, and that the writ of mandamus issue as prayed. The case is here on appeal.

The trial court found, and its finding is supported by the evidence, that the district borrowed the money, balance of which is shown by note, from the bank from time to time for the purpose of paying for the construction work before the proceeds from the bonds were available. This note was renewed from time to time, and the original indebtedness was reduced by payments to its present amount. It is undisputed in this record that the bank holds the district's note dated June 26, 1929, for $1,545.66, with interest from date until paid. We agree with the trial court that this indebtedness is due the bank and has not been paid. We are furthermore of the opinion that when the city council passed the reassessment ordinance, in accordance with the reassessment roll filed with the city clerk, notice of which was published on December 3, 1932, and no property-owner ap-

pealed therefrom within the time provided by law, the city council of the city of Camden exhausted its jurisdiction in the premises, and it thereafter had no power or authority to repeal the ordinance, and that its action in so doing was and is void. Section 10 of act 64 of the Acts of 1929, page 251, provides: "Where assessment of benefits are revised in pursuance of § 5664, of Crawford & Moses' Digest, and notice given as therein provided, such assessments shall be final and conclusive unless suit is brought in chancery court within thirty days after the publication of the notice provided for in § 5664 for the purpose of correcting the same." We are therefore of the opinion that the council was without authority to repeal the ordinance levying the reassessment and that that assessment is now valid and binding on the property-owners of the district, since no appeal was had from the assessment to the city council and no proceedings brought in the chancery court to enjoin same. The only reason assigned for the attempted repeal was that the district was not in debt, a fact about which the city council was mistaken. This view of the case works an affirmance of the judgment, although it will not be necessary under our views to require the city council to pass again the reassessment ordinance.