PAVING DISTRICT No. 3 OF HARRISON *v.* FOWLER.

4-4357

Opinion delivered October 5, 1936.

*V. D. Willis,* for appellant.

*Shouse & Walker,* for appellee.

McHANEY, J. Appellee is the owner of lots 1, 3, 5 and 7, block 15, in the original town of Harrison, Arkansas, which is included in the boundaries of appellant district. When the district was organized, there was an

assessment of benefits against said property in the sum of $2,250 and the property at that time was vacant. Later appellee made valuable improvements upon said property, and, in the latter part of the year 1929, the board of assessors for appellant district, reassessed said property on account of said improvements and increased the benefits to the sum of $4,000. This reassessment was promptly filed with the city council, notice published for the time and in the manner provided by law, and within the time provided by § 5664, of Crawford & Moses' Digest, appellee appealed to the city council on the ground that the reassessment was excessive, and the city council at its next meeting, passed a resolution reducing the assessed benefits on said property to $3,500. Appellee refused to pay the annual tax levied on the $4,000 assessment, but tendered payment based on the $3,500 assessment, as adjusted by the city council. Appellant accepted such payments under protest, refusing to recognize the action of the city council in reducing the assessment, because, as it contends, there was no legal action by the city council to effect the reduction. It brought this action to recover the difference in the amount of the tax paid and the amount claimed due by it based on the $4,000 assessment. Trial resulted in a decree in appellee's favor from which is this appeal.

We think the court erred in so holding as it is apparent that the provisions of § 10, act 64, of the Acts of 1929, have been overlooked. Section 5664, Crawford & Moses' Digest, provides for the revision of the original assessment of benefits not oftener than once per year, "increasing or diminishing the assessment against particular pieces of property as justice may require." The last sentence in said section provides: "Appeals from such reassessment shall be heard by the city or town council in the manner and at the time set forth in §§ 5661 and 5662." Section 5661 provides for an appeal to the city council by filing with the city clerk a notice of his appeal in writing within ten days from the publication of the notice of reassessment and that the appeal shall be heard by the city council *de novo* at the next meeting

after the appeal is taken. Section 5662 provides that the council shall enter on its minutes the result of its finding on appeal and shall certify a copy thereof to the board of assessors, which shall make its assessment conform thereto if any change has been made by the city council. Section 10 of said act 64 of the Acts of 1929, reads as follows: ''Where assessments of benefits are revised in pursuance of § 5664, of Crawford & Moses' Digest, and notice given as therein provided, such assessments shall be final and conclusive unless suit is brought in the chancery court within thirty days after publication of the notice provided for in § 5664 for the purpose of correcting the same.'' It will be seen that this section is in direct conflict with that provision of § 5664 of Crawford & Moses' Digest, relating to the manner of appeals from reassessments of property made by the board of assessors. The jurisdiction of the city council in such cases has been taken away and vested in the chancery court. This act was approved February 28, 1929, and because of the emergency clause went immediately into effect. The reassessment of appellee's property occurred subsequent to the effective date of said act 64. Therefore, the provisions of said act apply to the manner of appeals by property-owners from reassessment of benefits in municipal improvement districts and the only remedy, therefore, is a suit in the chancery court within thirty days after the publication of the notice to correct the reassessment. Appellee failed to take this procedure. Therefore, under the plain provisions of said § 10, his assessment became ''final and conclusive,'' after the lapse of thirty days from the giving of the notice, and the action of the city council in reducing his assessment was without authority and is void. See *City Council of Camden* v. *Merchants & Planters Bank,* 191 Ark. 1139, 89 S. W. (2d) 739.

The judgment will be reversed, and the cause remanded with directions to enter a decree in favor of the district for the amount of the tax claimed. It is so ordered.